UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ROBERTSON,

    Petitioner,

    v.

JAMES WALKER,

    Respondent.
_____/

No. C 10-2633 PJH

**ORDER TO SHOW CAUSE; RE: IFP APPLICATION**

Petitioner Quincy Robertson ("Robertson"), a state prisoner, has filed a second and successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as authorized by the Ninth Circuit Court of Appeals' June 15, 2010 order.

**BACKGROUND**

On February 7, 2001, Robertson was convicted of second degree murder and assault with infliction of great bodily injury, and was found to have personally used a firearm in commission of the offenses, by a jury in the Alameda County Superior Court in the State of California. He was sentenced to forty years to life in prison. Robertson unsuccessfully appealed his conviction to the California Court of Appeal, which affirmed the judgment on June 30, 2003. The California Supreme Court subsequently denied Robertson's petition for review on August 19, 2004. He filed his first federal habeas petition on August 1, 2005, 05-3103 PJH, which this court denied on January 3, 2008. The Ninth Circuit affirmed this court's denial of the petition on February 2, 2009.

Subsequently, on March 30, 2009, the California Supreme Court decided *People v. Chun*, 45 Cal.4th 1172 (2009), and expressly overruled its prior published opinion in Robertson's case, 34 Cal.4th 156 (2004), but did not vacate Robertson's conviction or

remand the matter. Robertson then filed a petition for writ of habeas corpus with the California Supreme Court on May 8, 2009, which it denied without comment on October 14, 2009.

**DISCUSSION**

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claim

Petitioner seeks habeas relief based on one of the claims raised in his prior petition: that he was deprived of his Sixth Amendment right to a jury trial and his due process rights when the trial court allowed the jury to convict him of second degree felony murder without an express finding of malicious intent. He claims that following the California Supreme Court's decision in *Chun*, 45 Cal.4th at 1172, he is entitled to relief. The claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondent.

### C. IFP Application

Robertson's application for in forma pauperis status is DENIED WITHOUT PREJUDICE because Robertson has not included an affidavit with his prisoner account balance. *See* 28 U.S.C. § 1915(a).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner is ordered to pay the filing fee required in habeas cases.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order

on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

4. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: June 24, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge