UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ROBERTSON,

    Petitioner,

    v.

JAMES WALKER,

    Respondent.

    _____/

No. C 10-2633 PJH

**ORDER**

On June 16, 2010, petitioner Quincy Robertson ("Robertson"), a state prisoner, filed a second and successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as authorized by the Ninth Circuit Court of Appeals' June 15, 2010 order. His second petition did not specifically list the claims asserted, and the court in its June 24, 2010 order to show cause construed Robertson's petition as seeking habeas relief based on one of the claims raised in his prior petition: that he was deprived of his Sixth Amendment right to a jury trial and his due process rights when the trial court allowed the jury to convict him of second degree felony murder without an express finding of malicious intent. However, having reviewed Robertson's traverse, Robertson has clarified that he is actually seeking relief based on *two* of the claims that he raised in his original petition, the claim set forth above, and his claim that the California Supreme Court's decision upholding his conviction constituted an unforeseeable and retroactive judicial expansion of the second degree felony murder rule in violation of his due process rights.

Although his June 16, 2010 petition is *not* a model of clarity in terms of the issues raised, the court finds that it is fair to construe the petition as raising both claims. *See*

Petition at 7 ll. 15-17 ("The California Supreme Court's clarification in *Chun* of the definition of second degree felony murder provides powerful new facts in support of petitioner's claim that [sic] he was not given fair warning of the State's definition of depraved murder."). Additionally, the court has reviewed the parties' fairly lengthy briefs filed with the Ninth Circuit in conjunction with Robertson's motion for leave to file a second petition (which were not previously provided to the court but which the court has since obtained and which may be judicially noticed), and it is clear from those briefs that in the instant successive petition, Robertson intended to raise the prior *two* claims in his second petition, now in light of the California Supreme Court's March 30, 2009 decision in *People v. Chun*, 45 Cal.4th 1172 (2009). *See* Robertson's April 30, 2010 Reply in Support of his Motion for Leave to File Second Petition at 2, 7-8. In granting Robertson's motion, the Ninth Circuit presumably authorized the filing of the second petition containing both claims. *See* 28 U.S.C. § 2244(b)(3)(C); *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997).

Although the Ninth Circuit proceedings related to Robertson's motion for leave to file a second amended petition clearly put the state on notice that Robertson's second petition would raise both claims, the court nevertheless concludes that, prior to adjudicating the second claim, it is appropriate to provide the state with an opportunity to respond to that particular claim - that the California Supreme Court's decision upholding Robertson's conviction constituted an unforeseeable and retroactive judicial expansion of the second degree felony murder rule in violation of his due process rights - given that this court's June 24, 2010 order to show cause included only one other claim.

Accordingly, to the extent that the state would like to supplement its November 19, 2010 memorandum of points and authorities in support of its answer to respond to the *second claim only*, the state may serve and file a supplemental brief on the merits of the second claim **no later than September 28, 2011.** Robertson may reply to the supplemental brief *only* **no later than October 12, 2011.** If the state chooses not to file a supplemental brief on the merits of the second claim, then Robertson is not entitled to file a

reply on the merits of the second claim.

In addition to the issue regarding the second claim, the court has reviewed the parties' briefs and notes that Robertson's briefing regarding the requirements of § 2244(b) is inadequate. That statute provides in pertinent part:

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

. . . . .

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

There appear to be three issues related to § 2244(b) that have not been adequately addressed by the parties, and especially by Robertson. First, there is an issue regarding *this court's* role with respect to the review of the "gateway" factors. Although the Ninth Circuit presumably determined in granting the motion for leave to file the second or successive petition that Robertson made a prima facie case of success on the merits under § 2244(b)(2)(B) - the grounds that were asserted by Robertson in his motion before the appellate court - it appears that prior to reaching the merits of Robertson's claims, this court must first also conclude that Robertson has indeed satisfied the requirements of § 2244(b)(2)(B). *See Landrigan v. Trujillo*, 623 F.3d 1253, 1257 & n. 6 (9th Cir. 2010) ("[a] 'prima facie showing' is a sufficient showing of possible merit to warrant a *fuller exploration* by the district court") (emphasis added) (citations omitted). If the court concludes that he has not satisfied the requirements of § 2244(b)(2)(B), then it must dismiss the claims. *See* 28 U.S.C. § 2244(b)(4). Therefore, it appears that there is a "second gateway" through which Robertson must pass before this court may address his claims on the merits. *See*

*id.; see also* Brian R. Means, Federal Habeas Manual, Second or Successive Petitions and Motions, § 11:90 at 938-39 (2010) (noting that even if appellate court grants a motion to file a second or successive § 2254 petition, "the district court must itself conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the motion or petition meets the statutory requirements for the filing of a second or successive petition," and that this is "the second gate through which the petitioner must pass before the merits of the petition are heard").

Second, based on his traverse, it appears that Robertson may be suggesting that § 2244(b) does not apply at all to this case because his petition does not in fact constitute a second or successive petition.  Neither party has adequately addressed that issue before this court.

Third, the law is clear that to the extent Robertson presents the "same" claim or claims raised in a prior petition, those claims must be dismissed under § 2244(b)(1).  The state implies that is the case here, and the court notes that Robertson does appear to be re-asserting two of the claims contained in his first petition.  Again, though, neither party has adequately addressed that issue before this court.

Accordingly, regardless of whether the parties file supplemental briefs regarding the merits of the second claim, the court finds that additional briefing regarding the § 2244(b) requirements is required.  In that briefing, the parties should address the three issues set forth above.  Robertson's opening brief regarding § 2244(b) must be filed and served by **September 28, 2011**, and the state's response is due no later than **October 12, 2011.**

**IT IS SO ORDERED.**

Dated:   September 15, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge