1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ROBERTSON,

       Petitioner,                No. C 10-2633 PJH

      v.                          **ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS**

D.L. RUNNALS, Warden,

       Respondent.

_____/

      On June 16, 2010, petitioner Quincy Robertson ("Robertson"), a state prisoner, filed

a second and successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

as authorized by the Ninth Circuit Court of Appeals' June 15, 2010 order.  Respondent

answered and moved to dismiss the petition as untimely.  Having reviewed the parties'

papers, the record, and having carefully considered their arguments and relevant legal

authorities, the court DISMISSES the petition.

**BACKGROUND**

**A.**    **Factual Background**

      On the evening of December 27, 1998, the victims, Kehinde Riley ("Riley") and

Rickey Harris ("Harris"), along with Bradley Gentry ("Gentry") and Lemont Benton

("Benton"), rode around Oakland in a car driven by Benton.  At approximately 10:30 p.m.,

the four stopped in front of Robertson's residence.  Riley and Harris approached

United States District Court

For the Northern District of California

Robertson's vehicle, which was parked outside the residence, and attempted to remove its hubcaps.  Benton remained in the driver's seat of his car, and Gentry stood on the street outside of Benton's car.

Riley and Harris successfully removed two hubcaps from Robertson's car, making loud noises in the process.  Riley and Harris then proceeded to remove two more hubcaps from the vehicle.  Benton and Gentry testified that they heard shots and saw Riley and Harris run down the street.  Gentry jumped into the backseat of Benton's car, and the two quickly drove away.

Riley was found dead on the street.  Harris fled the scene but suffered a gunshot wound to his foot.  Benton and Gentry fled the scene by car, but shortly thereafter police stopped, detained, and questioned them.   When police arrived at the scene, Robertson denied any involvement in the incident.  Robertson was subsequently transported to the Oakland Police Department ("OPD").  Robertson participated in two interviews, and told the police that he was in his bedroom when he heard noises outside and that he emerged from his residence with a gun and fired shots.

**B.    Procedural Background**

**1.    State Court Proceedings in Robertson's Case**

Subsequently, on February 7, 2001, an Alameda County Superior Court jury convicted Robertson of second degree murder, a violation of Section 187 of the California Penal Code.  The jury found that on December 27, 1998, Robertson murdered Riley and, that during the commission of the murder, Robertson personally used and discharged a firearm which proximately caused great bodily injury to Riley.  The jury also found Robertson guilty of assault with a deadly weapon, a violation of California Penal Code § 245(a)(1), against Harris, and found that during the commission of the assault, Robertson personally used a firearm which inflicted great bodily injury on Harris.

Robertson was sentenced to forty years to life in prison, representing fifteen years to life for the murder, plus twenty-five years to life for the firearm enhancement of the murder conviction, with a concurrent sentence of eight years for the assault and related

United States District Court

For the Northern District of California

1    enhancements.  He appealed his conviction, and the California Court of Appeal affirmed on

2    June 30, 2003.  The California Supreme Court subsequently affirmed Robertson's

3    conviction in a published opinion on August 19, 2004.  On August 1, 2005, Robertson filed

4    his first petition for writ of habeas corpus with this court.

5                    **2.      Robertson's 2005 Federal Habeas Petition**

6            In the 2005 habeas petition, Robertson asserted three claims, including (1) that the

7    trial court's denial of his motion to suppress his confession violated his Fifth and Fourteenth

8    Amendment rights because he had invoked his right to counsel and because his confession

9    was coerced; (2) that his Sixth Amendment jury trial right was violated when a jury

10   convicted him of second degree felony murder without an express finding of malicious

11   intent; and (3) that the California Supreme Court's decision upholding his conviction

12   constituted an unforeseeable and retroactive judicial expansion of the second degree

13   felony murder rule in violation of his due process rights.  *See* C 05-3103 PJH.  On January

14   3, 2008, the court denied Robertson's petition.  As discussed below, Robertson again

15   raises the second of the three claims set forth above in his current federal habeas petition.

16          In its prior order, which is incorporated by reference, the court set forth in detail the

17   relevant jury instructions given by the trial court, the California Court of Appeal's ruling on

18   the issue, and the pertinent portions of the California Supreme Court's decision in which

19   that court rejected Robertson's argument that second degree felony murder required a

20   finding of malice under California law.  *See* January 3, 2008 Order at 17-32.  The court

21   then discussed the relevant state law cases regarding second degree felony murder law.

22   Ultimately, this court denied habeas relief on the claim, concluding that the California

23   Supreme Court was entitled to define the elements of second degree felony murder as it

24   did, and therefore, that Robertson's federal constitutional rights were not violated by the

25   failure of the jury instructions to include malice as an element of the offense of second

26   degree felony murder.

27          Robertson subsequently appealed this court's order to the Ninth Circuit, which

28   affirmed on February 2, 2009.  The Ninth Circuit held in pertinent part that:

                                                    3

**United States District Court**
For the Northern District of California

1          Under California law, malice is not an element of second degree felony

2    murder. *People v. Robertson*, 34 Cal.4th 156, 165 (2004).  A petitioner may
     not "transform a state-law issue into a federal one merely by asserting a

3    violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.
     1996).  The appeal raises solely a state law issue.

4    ### 3.      Subsequent California Supreme Court Decision in *Chun*

5          Subsequently, after the Ninth Circuit affirmed this court's denial of Robertson's

6    habeas petition, on March 30, 2009, the California Supreme Court decided *People v. Chun*,

7    45 Cal.4th 1172 (2009), and expressly overruled its prior published opinion in Robertson's

8    case, 34 Cal.4th 156 (2004), but did not vacate Robertson's conviction or remand the

9    matter.

10          The state supreme court re-evaluated second degree felony-murder and the merger

11    doctrine in *Chun*.  *Id.* at 1183–89.  The *Chun* court first found that the second degree

12    felony-murder doctrine was rooted in statutory law and re-affirmed its constitutional validity.

13    *Id.*  The court then examined the continued application of the "merger doctrine" to felonies

14    that are assaultive in nature.  *Id.* at 1197–1202.  The court overruled three controlling

15    California Supreme Court cases, including its prior decision in Robertson's case.  The three

16    decisions included:  *People v. Hansen*, 9 Cal.4th 300 (1994); *Robertson*, 34 Cal.4th 156;

17    and *Randle*, 35 Cal.4th 987.  The *Chun* Court held that "[w]hen the underlying felony is

18    assaultive in nature, such as [discharging a firearm into an occupied vehicle and similar

19    crimes], we now conclude that the felony merges with the homicide and cannot be the

20    basis of a felony-murder instruction."  45 Cal.4th at 1200.

21    ### 4.      Post-*Chun* State Court Proceedings

22          Robertson then filed a petition for writ of habeas corpus with the California Supreme

23    Court on May 8, 2009, which it denied without explanation on October 14, 2009.

24    ### 5.      Current Habeas Petition

25          Following the California Supreme Court's denial of his habeas petition, Robertson

26    sought and received authorization from the Ninth Circuit to file the instant federal habeas

27    petition.  On June 16, 2010, Robertson filed his petition with this court.  His second petition

28    did not specifically list the claims he asserted, and the court in its June 24, 2010 order to

United States District Court
For the Northern District of California

1  show cause construed Robertson's petition as seeking habeas relief based on one of the

2  claims raised in his prior petition:  that he was deprived of his Sixth Amendment right to a

3  jury trial and his due process rights when the trial court allowed the jury to convict him of

4  second degree felony murder without an express finding of malicious intent.  However,

5  following the completion of briefing and the court's review of Robertson's traverse, the court

6  noted in a September 15, 2011 order, that Robertson clarified that he was actually seeking

7  relief based on *two* of the claims that he raised in his original petition, the claim set forth

8  above, and his claim that the California Supreme Court's decision upholding his conviction

9  constituted an unforeseeable and retroactive judicial expansion of the second degree

10  felony murder rule in violation of his due process rights.

11  In its September 15, 2011 order, the court found that, based on the parties' briefs

12  filed with the Ninth Circuit in conjunction with Robertson's motion for leave to file a second

13  petition, it was fair to construe the petition as raising both claims, per Robertson's traverse.

14  The court further found that in granting Robertson's motion, the Ninth Circuit presumably

15  authorized the filing of the second petition containing both claims.  *See* 28 U.S.C. §

16  2244(b)(3)(C); *Woratzeck v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1997).  Accordingly, the

17  court afforded respondent an opportunity to respond to Robertson's second claim - that the

18  California Supreme Court's decision upholding Robertson's conviction constituted an

19  unforeseeable and retroactive judicial expansion of the second degree felony murder rule in

20  violation of his due process rights - given that this court's June 24, 2010 order to show

21  cause included only one other claim.

22  Additionally, in its September 15, 2011 order, the court noted that there were several

23  procedural issues related to § 2244(b) review that had not been adequately addressed by

24  the parties, and ordered supplemental briefs on the procedural issues.

25  In a supplemental October 11, 2011 response, Robertson withdrew his second claim

26  that the California Supreme Court's decision upholding his conviction constituted an

27  unforeseeable and retroactive judicial expansion of the second degree felony murder rule in

28  violation of his due process rights.  Accordingly, only one claim remains.

1    The parties also filed additional supplemental briefs on the procedural issues set

2  forth in the court's September 15, 2011 order.

3                                          **ISSUE**

4    Robertson claims that his Sixth Amendment jury trial right was violated when a jury

5  convicted him of second degree felony murder without an express finding of malicious

6  intent.

7                                       **DISCUSSION**

8  **A.    AEDPA Standards Regarding Second and/or Successive Petitions**

9    Section 2244, which governs second and/or successive habeas petitions, provides

10 in pertinent part:

11      (b)     (1) A claim presented in a second or successive habeas corpus
                application under section 2254 that was presented in a prior
12              application shall be dismissed.

13              (2) A claim presented in a second or successive habeas corpus
                application under section 2254 that was not presented in a prior
14              application shall be dismissed unless--

15                  (A)     the applicant shows that the claim relies on a new rule of
                            constitutional law, made retroactive to cases on collateral
16                          review by the Supreme Court, that was previously
                            unavailable; or
17
                    (B)     (i) the factual predicate for the claim could not have been
18                          discovered previously through the exercise of due
                            diligence; and
19
                            (ii) the facts underlying the claim, if proven and viewed in
20                          light of the evidence as a whole, would be sufficient to
                            establish by clear and convincing evidence that, but for
21                          constitutional error, no reasonable factfinder would have
                            found the applicant guilty of the underlying offense.
22

23   Before a second or successive petition may be filed in the district court, the

24 petitioner must first obtain an order from the court of appeals authorizing the district court to

25 consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  The court of appeals may issue the

26 order upon a prima facie showing that the petition satisfies either prong above.  *See id.* §

27 2244(b)(3)(C).  A prima facie showing is "a sufficient showing of possible merit to warrant a

28 fuller exploration by the district court."  *Woratzeck*, 118 F.3d at 650; *see, e.g., Siripongs v.*

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

*Calderon*, 167 F.3d 1225, 1227-28 (9th Cir. 1999) (denying authorization to file second petition where petition advanced no new material facts or colorable claims of constitutional error); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997) (denying authorization to file second petition where interpretation of new rule was a matter of statutory, not constitutional, law).

If the court of appeals issues an order authorizing the petition to proceed, the district court must then independently determine if each newly-presented claim in fact satisfies either (1) or (2) above, which requires more than a prima facie showing. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000) (§ 2255 case). If not, the district court must dismiss the claim. *See* 28 U.S.C. § 2244(b)(4).

**B.     Procedural Issues**

The court finds that it is necessary to reach the procedural issues raised by Robertson's current petition prior to any discussion on the merits, if warranted.

> **1.     Robertson's Current Claim is Barred by § 2244(b)(1) Because it Constitutes the Same Claim that He Raised in His Prior Petition and by § 2244(b)(2)(B)(i) Because the California Supreme Court's Decision in *Chun* Does Not Constitute a New "Factual Predicate" for His Claim**

Because it finds that the issues are related, the court has addressed together §§ 2244(b)(1) and 2244(b)(2)(B)(i).

Robertson argues that for purposes of § 2244(b)(1), he is not raising the same claim that he did in his first habeas petition based on the Supreme Court's decision in *Mayle v. Felix* because his latter claim is not based on a "common core of operative facts." 545 U.S. 644, 659 (2005). Specifically, Robertson contends that the California Supreme Court's clarification of the felony-murder rule in *Chun* constituted a new operative fact. Robertson does not, however, address § 2244(b)(2)(B)(i).

The state counters that under § 2244(b)(1), Robertson is indeed bringing the same claim that he did in his prior petition, and notes that in his motion for leave to file the instant petition before the Ninth Circuit, Robertson conceded that he wished to bring the same claim(s) as before. It notes that Robertson stated in that motion that he had "argued these

7

United States District Court
For the Northern District of California

1   claims while the California courts were operating under an unclear, and apparently still

2   developing definition of second degree murder.  Now that the California Supreme Court has

3   settled on the meaning of second degree felony-murder and the merger doctrine, Mr.

4   Robertson should be allowed the opportunity to make his arguments in regard to the newly

5   explained and presumably correct version of state law."

6        Additionally, as for § 2244(b)(2)(B)(i), the state argues that the California Supreme

7   Court's decision in *Chun* does not constitute a "factual predicate" for Robertson's current

8   claim.

9        The court finds that dismissal of Robertson's petition is warranted under both §§

10  2244(b)(1) and 2244(b)(2)(B)(i) because Robertson's current claim is indeed the same

11  claim as that raised previously, and because the California court's decision in *Chun* did not

12  alter the factual predicate for his claim.  The factual predicate and/or operative facts

13  underlying Robertson's claim remain the same.

14       The case relied on by Robertson, *Mayle v. Felix*, is distinguishable as it did not

15  involve a second or successive habeas petition.  545 U.S. at 662.  Instead, *Mayle* involved

16  amendment of a prior habeas petition under Federal Rule of Civil Procedure 15.

17       In *Mayle*, the Supreme Court concluded that the petitioner's amended habeas

18  petition, which raised a Fifth Amendment self-incrimination objection regarding pretrial

19  statements, did not relate back to his original petition, which raised a Sixth Amendment

20  confrontation clause objection regarding the admission of videotaped witness testimony.

21  *Id.* at 648-49.  In so holding, the Court rejected the Ninth Circuit's broad interpretation of

22  "conduct, transaction, or occurrence" to allow the relation back of an amended claim as

23  long as the claim stemmed from the same trial, conviction, or sentence as the original.  *See

24  id; see also Hebner v. McGrath*, 543 F.3d 1133, 1137-38 (9th Cir. 2008).

25       The *Mayle* Court noted that Congress enacted AEDPA to advance the finality of

26  criminal convictions by imposing "a tight time line" in the form of a one-year time limit on

27  state prisoners seeking to challenge their convictions in federal court, but that the statute

28  nevertheless allows for a habeas petition to be amended "as provided in the rules of

8

1   procedure applicable to civil actions." 545 U.S. at 662; 28 U.S.C. § 2244(d)(1); § 2242.

2   In concluding that the second claim did not relate back to the first for timeliness purposes

3   under AEDPA, the Court held that the two claims were "separated in time and type"

4   because the amendment arose from a pretrial event and the original petition arose from the

5   trial, and that therefore, the original and amended petitions did not arise from the same

6   "transaction." *Id.* at 657.  It rejected the Ninth Circuit's approach as "boundless," reasoning

7   that "[u]nder that comprehensive definition, virtually any new claim introduced in an

8   amended petition will relate back, for federal habeas claims, by their very nature, challenge

9   the constitutionality of a conviction or sentence." *Id.* at 656-57.  Ultimately, the *Mayle* Court

10  held that an amended habeas petition "does not relate back (and thereby escape AEDPA's

11  one-year time limit) when it asserts a new ground for relief supported by facts that differ in

12  both time and type from those the original pleading set forth." *Id.* at 650.  The original and

13  amended claims must, instead, be "tied to a common core of operative facts." *Id.* at 664.

14      Here, the issue is not whether relation back is appropriate, but instead whether the

15  two claims - as presented in the first and second habeas petitions - are the same.   As

16  noted, a claim presented in a second or successive petition under 28 U.S.C. § 2254 that

17  was presented in a prior petition must be dismissed. *See* 28 U.S.C. § 2244(b)(1); *Babbitt*

18  *v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999).  A claim is not newly presented merely

19  because the petitioner offers new factual bases in support of a legal claim that has already

20  been raised. *See id.* at 746.  A court should not "consider new factual grounds in support

21  of the same legal claim" that was previously presented, and a "ground is successive if the

22  basic thrust or gravamen of the legal claim is the same, regardless of whether the basic

23  claim is supported by new and different legal arguments." *Id.; accord Cooper v. Brown*,

24  510 F.3d 870, 918 (9th Cir. 2007); *Pizzuto v. Blades*, 2012 WL 743549 at *4 (9th Cir.

25  2012).  Identical grounds may often be proven by different factual allegations. *Id.*

26      In *Babbitt*, the petitioner argued in his first petition that his counsel was ineffective.

27  177 F.3d at 745-46.  The district court denied the claim on the merits. *Id.*  In a successive

28  petition, he argued that his trial counsel was ineffective as the result of alcohol abuse. *Id.*

He maintained that he was unable to raise this argument in a prior petition because he had only recently discovered the alcohol abuse evidence while preparing for his clemency hearing. *Id.* The Ninth Circuit held that although the petitioner asserted new factual allegations for his counsel's ineffectiveness, the gravamen of his legal argument was essentially the same: counsel was ineffective. *Id.* Accordingly, the court held that dismissal was required under § 2244(b)(1). *Id.* at 746–47.

Similarly, in *Morales v. Ornoski*, the Ninth Circuit held that the petitioner's former and latter claims were the same for purposes of § 2244(b)(1). 439 F.3d 529, 532 (9th Cir. 2006). The petitioner argued in his pre-filing authorization petition before the Ninth Circuit that the prosecution fraudulently presented a witness' false testimony that the petitioner confessed to the witness, and that this false testimony was the sole basis for the lying-in-wait special circumstance finding, which established his death eligibility. *Id.* In his previous unsuccessful habeas petition, he raised essentially the same argument regarding the witness' false testimony and the prosecutor's knowledge. *Id.* In the successive petition, the petitioner cited a new statement of the trial judge that he would not have permitted the petitioner to be subject to the death penalty in light of new allegations about the witness' perjured testimony. *Id.* The Ninth Circuit held that this new assertion did not change the analysis because the basic thrust or gravamen of the petitioner's latter claim was predicated on the same challenges to the witness' testimony and the government's alleged misconduct that were previously considered by the court. It held that the claim was therefore barred under § 2244(b)(1). *Id.*

Here, the only difference between Robertson's prior claim and the current claim is that the current claim is additionally based on the California Supreme Court's intervening decision in *Chun.* Like *Babbitt* and *Morales*, the court concludes that the "basic thrust or gravamen of the legal claim is the same," and therefore, the claim must be dismissed under § 2244(b)(1).

This conclusion is further supported by the Ninth Circuit's reasoning regarding what constitutes the "factual predicate" for a habeas claim. Circuit courts, including the Ninth

United States District Court

For the Northern District of California

1    Circuit, are generally in agreement that under a similar AEDPA provision, § 2244(d)(1)(D),

2    a change in controlling law does *not* constitute a "factual predicate."[1]   *See Shannon v.*

3    *Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005); *Lo v. Endicott*, 506 F.3d 572, 575 (7th

4    Cir. 2007) (holding that "Wisconsin Supreme Court's clarification of the law does not

5    constitute a 'factual predicate,'" and rejecting a claim of equitable tolling based on the same

6    change in state law); *see also E.J.R.E. v. United States*, 453 F.3d 1094 (8th Cir. 2006)

7    (federal court of appeals decision not a qualifying fact under § 2255(f)(4)).

8         In *Shannon*, the petitioner was convicted of murder under jury instructions that the

9    state supreme court later held incorrectly defined one of the lesser-included offenses.  410

10   F.3d at 1086.  The petitioner in *Shannon* argued that the state supreme court decision

11   invalidating the jury instructions under which he was convicted should be considered a

12   "factual predicate" under 28 U.S.C. § 2244(d)(1)(D), thereby triggering a new one-year

13   limitations period because, prior to the state supreme court's overruling its precedent, the

14   federal habeas court would have felt bound to follow the state court of appeal's

15   interpretation of state law.  *Id.* at 1088.  The Ninth Circuit rejected the petitioner's argument,

16

17   ───────────────

       [1]Section 2244(d)(1) governs the timeliness of habeas petitions and provides in pertinent
18   part:

19       (d)(1) A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
20       The limitation period shall run from the latest of--

21       (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;
22
         (B) the date on which the impediment to filing an application created by State
23       action in violation of the Constitution or laws of the United States is removed, if
         the applicant was prevented from filing by such State action;
24
         (C) the date on which the constitutional right asserted was initially recognized by
25       the Supreme Court, if that right has been newly recognized by the Supreme
         Court and made retroactively applicable to cases on collateral review; or
26
         (D) *the date on which the factual predicate of the claim or claims presented could*
27       *have been discovered through the exercise of due diligence.*

28   (Emphasis added.)

11

United States District Court

For the Northern District of California

1    and held that a state court decision that "merely establish[es] an abstract proposition of

2    law" is not one that can serve as a new fact for triggering the statute of limitations period.

3    *Id.*

4          Based on the above, this court concludes that the California Supreme Court's

5    decision in *Chun* does not constitute a "factual predicate" for Robertson's current claim, and

6    thus the petition must be dismissed under § 2244(b)(2)(B)(i), as well as § 2244(b)(1).

7          **2.    Robertson's Current Petition Constitutes a Second and Successive
               Petition**

8

9          Alternatively, Robertson argues that the instant petition is not actually a second and

10   successive petition because his claim was not ripe at the time he filed his earlier habeas

11   petition.  He contends that his claim was not ripe until the California Supreme Court

12   clarified state law regarding felony-murder in *Chun*.  In support, Robertson relies on the

13   Supreme Court's decision in *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).

14         In response, the state counters that Robertson's theory of ripeness is erroneous,

15   and that ripeness does not hinge on a determination or redetermination of underlying state

16   law in federal habeas cases.  It also argues that such an interpretation would render other

17   sections of AEDPA's limitations on second and successive petitions superfluous.

18         The purpose of the ripeness doctrine of Article III "is to prevent the courts, through

19   avoidance of premature adjudication, from entangling themselves in abstract

20   disagreements." *Poland v. Stewart*, 117 F.3d 1094, 1104 (9th Cir. 1997) (quoting *Abbott

21   Labs. v. Gardner*, 387 U.S. 136, 148 (1967) *overruled on other grounds by Califano v.

22   Sanders,* 430 U.S. 99, 97 (1977)).  An issue is not ripe for review "where the existence of

23   the dispute itself hangs on future contingencies that may or may not occur." *Id.*  Where

24   there is no danger of imminent and certain injury to a party, an issue has not "matured

25   sufficiently to warrant judicial intervention." *Id.*  The Supreme Court has set forth a two-part

26   test for determining the ripeness of a claim: "the fitness of the issues for judicial decision

27   and the hardship to the parties of withholding court consideration." *Abbott*, 387 U.S. at

28   149.

United States District Court

For the Northern District of California

1    The federal courts are in agreement that there is a small class of habeas claims that

2  will not constitute second and successive claims for AEDPA purposes.  These are claims

3  involving the circumstances of a prisoner's execution.  *Poland*, 117 F.3d at 1094.

4  Specifically, federal courts have held that such claims do not become ripe for adjudication

5  until the state has issued a warrant for the prisoner's execution, and thus if the claim is not

6  ripe, it will not constitute a second or successive claim once it finally ripens.  *Id.*

7    The case relied on by Robertson, *Martinez-Villareal*, is one of those cases.  523 U.S.

8  at 637.  In *Martinez-Villareal*, a state prisoner brought a § 2254 habeas petition presenting

9  various claims, including a claim based on *Ford v. Wainwright*,  477 U.S. 399 (1986),

10  challenging his competency to be executed.[2]  The district court dismissed the *Ford* claim

11  without prejudice as premature, and denied the remaining claims presented in the petition.

12  After the state obtained an execution warrant and the petitioner was determined in state

13  court to be competent to be executed, he moved to reopen the *Ford* claim presented in his

14  earlier § 2254 application. The district court, however, denied the petitioner's motion

15  to reopen under 28 U.S.C. § 2244(b)(1). The Ninth Circuit, on the petitioner's motion for

16  leave to file a second or successive § 2254 application, held that § 2244(b) did not apply to

17  his *Ford* claim.  *See Martinez-Villareal v. Stewart*, 118 F.3d 628, 629 (9th Cir. 1997).

18    The Supreme Court affirmed the Ninth Circuit's determination that the petitioner's

19  motion to reopen the *Ford* claim presented in his earlier § 2254 application was not subject

20  to the § 2244(b) restriction on "second or successive" applications.  *Martinez-Villareal*, 523

21  U.S. at 642-44.  In so ruling, the Court analogized the petitioner's situation of initially having

22  his *Ford* claim dismissed without prejudice as premature, to the situation of a state prisoner

23  whose § 2254 application was dismissed without prejudice for failure to exhaust state

24  remedies:

25    True, the cases are not identical; petitioner's *Ford* claim was dismissed as
     premature, not because he had not exhausted state remedies, but because
26    his execution was not imminent and therefore his competency to be executed

27  _____

28    [2]In *Ford*, the Supreme Court held that a state is constitutionally prohibited "from inflicting
   the penalty of death upon a prisoner who is insane."  *Id.* at 410.

United States District Court

For the Northern District of California

1
2
3

could not be determined at that time. But in both situations, the habeas petitioner does not receive an adjudication of his claim. To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review.

4  *Id.* at 644-45.

5      The Court's ultimate determination on the applicability of § 2244(b) to the petitioner's

6  *Ford* claim was guided by two propositions.  First, it reasoned that a *Ford* claim does not

7  ripen for resolution until execution is imminent because an individual's competency to be

8  executed cannot properly be assessed until that time.  *Id.* ("petitioner brought his [*Ford*]

9  claim in a timely fashion, and it has not been ripe for resolution until now"). Second, it

10  reasoned that a federal habeas applicant is entitled to an adjudication on the merits in

11  federal district court as to each claim presented in an initial § 2254 application, in spite of

12  the bar on second and successive petitions set forth by § 2244(b).  *Id.* Specifically, the

13  Court held:

14
15
16
17

This may have been the second time that petitioner had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b). There was only one application for habeas relief, and the District Court ruled (or should have ruled) on each claim at the time it became ripe. Petitioner was entitled to an adjudication of all of the claims presented in his earlier, undoubtedly reviewable, application for federal habeas relief.

18
19
20
21

*Id.* at 643. Combining these propositions, the Court concluded that § 2244(b) does not bar

the reopening of a *Ford* claim presented in an initial § 2254 application and dismissed

without prejudice as premature.  *Id.*

22      Robertson's case is entirely distinguishable.  His claim does not involve execution,

23  but instead concerns the elements of the charge underlying his conviction.  The state court

24  was entitled to interpret state law regarding felony murder in the manner that it did prior to

25  its subsequent decision in *Chun.  See Melugin*, 38 F.3d at 1487.  This is not a case where

26  the state left open any issues in Robertson's case.  The California Supreme Court

27  adjudicated the issue here on the merits prior to Robertson's first habeas petition.  Thus,

28  Robertson's claim, as set forth in his first petition, was indeed ripe.  *See Abbott*, 387 U.S. at

United States District Court
For the Northern District of California

1   149.

2          Moreover, this case is also unlike *Martinez-Villareal* because the federal courts - this

3   court and the Ninth Circuit - were able to adjudicate Robertson's exhausted claim on the

4   merits in the course of his first habeas petition.  This was not a case where the claim was

5   or should have been dismissed as unexhausted pending the California Supreme Court's

6   decision in another case.  At the time the court adjudicated the claim initially, there was no

7   way of knowing that the California Supreme Court would subsequently clarify state felony-

8   murder law in the manner that it did in *Chun.*  To rule here that Robertson's initial claim was

9   not ripe based on such speculation and uncertainty, and thus that the instant claim should

10  *not* be considered a second and successive claim, would wreak uncertainty and undermine

11  the finality associated with federal habeas petitions.

12         Accordingly, the court finds that Robertson's claim was ripe at the time he brought it

13  in 2005, and at the time that the court adjudicated it in 2008.  The instant claim thus

14  constitutes a second and successive claim, subject to the requirements of §2244(b), which

15  must be dismissed for the reasons set forth above.

16         **3.     Actual Innocence Issue under 2244(b)(2)(B)(ii)**

17         For the reasons set forth above, the California Supreme Court's decision in *Chun*

18  does not constitute the "factual predicate" for the claim under 2244(b)(2)(B)(i).  Accordingly,

19  because the court concludes that Robertson does not satisfy the requirements of the first

20  prong of § 2244(b)(2)(B), the court need not address prong two: whether he has shown

21  actual innocence.  *See Babbitt*, 177 F.3d at 747 (denying the second or successive

22  application for failure to meet the first prong and noting that the actual innocence prong

23  need not be addressed); *see also Pizzuto v. Blades*, 2012 WL 743549 at *6 (9th Cir. 2012).

24  **C.     Merits**

25         Additionally, because Robertson's petition fails to satisfy the requirements for a

26  second and successive petition under §§ 2244(b)(1) and 2244(b)(2)(B)(i), thus requiring

27  dismissal, the court declines to reach the merits of the second and successive claim raised

28  by the petition.

However, the court does note that whether *Chun* applies retroactively to Robertson's case is a matter of state law. Here, the California Supreme Court had the opportunity to rule in conjunction with Robertson's habeas petition that *Chun* did indeed apply retroactively and to grant relief on that basis, but declined to do so. AEDPA does not permit this court to alter or "overrule" that state law determination, or lack thereof, in the context of a federal habeas petition.

### CONCLUSION

For the reasons discussed above, the court DISMISSES Robertson's second and successive habeas petition under § 2244(b)(1) and 2244(b)(2)(B)(i). The clerk shall close the file.[3]

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California

---

[3]Since the court has not reached the merits of the petition, it does not appear that a certificate of appealability ("COA") is required. However, in the event one is required, the court would find that Robertson is entitled to a COA regarding whether his petition satisfies the procedural requirements of 28 U.S.C. § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).