UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ROBERTSON,

    Petitioner,

    v.

JAMES WALKER,

    Respondent.
_____/

No. C 10-2633 PJH

**ORDER GRANTING REQUEST FOR CERTIFICATE OF APPEALABILITY, DENYING WITHOUT PREJUDICE MOTION TO PROCEED IFP**

    On April 13, 2012, the court dismissed petitioner Quincy Robertson's ("Robertson) petition for failure to satisfy the requirements for a second and successive petition under §§ 2244(b)(1) and 2244(b)(2)(B)(i). On April 24, 2012, Robertson requested a certificate of appealability ("COA") and permission to proceed in forma pauperis ("IFP").

    First, regarding IFP status, Robertson suggests that he was previously granted IFP status before this court. However, that was not in this case. Previously, on June 24, 2010, the court denied Robertson's request for IFP status without prejudice for failure to file an affidavit with his prisoner account balance. *See* 28 U.S.C. § 1915(a). Subsequently, on December 1, 2010, the court denied Robertson's renewed request for IFP status in view of his prisoner account balance.

    Again, Robertson has failed to file an affidavit that includes his prisoner account

balance with his request for IFP status on appeal.  The request is therefore denied without prejudice subject to Robertson's providing the court with an affidavit containing that information.

Second, Robertson's request for a COA is GRANTED.  The certificate of appealability requirement applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, the court concludes that reasonable jurists could find it debatable whether Robertson's claim states a valid claim of the denial of a constitutional right, and could also find the court's ruling regarding whether Robertson's petition satisfies the requirements for a second and successive petition under §§ 2244(b)(1) and 2244(b)(2)(B)(i) debatable.  The court therefore GRANTS a COA as to whether Robertson's petition satisfies the procedural requirements for second and successive petitions pursuant to 28 U.S.C. § 2244.

////

////

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

Dated: April 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge