UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QUINCY ROBERTSON,

    Petitioner,

    v.

JAMES WALKER,

    Respondent.

_____/

No. C 10-2633 PJH

**ORDER GRANTING MOTION FOR RECONSIDERATION AND SETTING BRIEFING SCHEDULE**

Before the court is the motion of petitioner Quincy Robertson for reconsideration of the denial of the original federal habeas petition pursuant to Federal Rule of Civil Procedure 60(b)(6). The matter is fully briefed and submitted on the papers. For the reasons set forth below, petitioner's motion for reconsideration is GRANTED.

## BACKGROUND

Petitioner Quincy Robertson was convicted following a jury trial in the Superior Court of Alameda County of the second degree murder of Kehinde Riley in violation of California Penal Code § 187, and assault of Rickey Harris with infliction of great bodily injury in violation of Penal Code §§ 245(a)(1) and 12022.7(a), and was found to have personally used a firearm in the commission of these offenses (Cal. Pen. Code §§ 1203.06, 12022.5, 12022.53(d)). Robertson was sentenced to 40 years to life in prison, representing 15 years to life for the murder, plus 25 years to life for the firearm enhancement of the murder conviction, with a concurrent sentence of 8 years for the assault and related enhancements.

Robertson appealed his conviction. In an opinion dated June 30, 2003, the California Court of Appeal affirmed the judgment upon determining that grossly negligent

discharge of a firearm in violation of California Penal Code § 246.3 is an offense that merges with the resulting homicide and cannot serve as a predicate for second degree felony murder, but that the error in giving the felony murder instruction was harmless. *People v. Robertson*, 109 Cal. App. 4th 1740, 1 Cal. Rptr. 353 (2003), *superseded by People v. Robertson*, 34 Cal. 4th 156 (2004). The California Supreme Court subsequently affirmed Robertson's conviction in a published opinion issued August 19, 2004, which overruled the court of appeal's application of the merger doctrine to his section 246.3 predicate offense. The state supreme court held that under the collateral purpose test, Robertson's asserted underlying purpose in discharging a firearm was to frighten away the men who were burglarizing his car, rather than to injure or kill them. *Robertson*, 34 Cal. 4th at 171. Although the state supreme court disagreed with the court of appeal's holding that the merger doctrine barred application of the felony-murder rule, it noted that the court of appeal affirmed the conviction on the ground that any instructional error was harmless, and affirmed the judgment. *Id.* at 173.

On August 1, 2005, Robertson filed a federal petition for writ of habeas corpus which asserted three claims: (1) that the trial court's denial of his motion to suppress his confession violated his Fifth and Fourteenth Amendment rights because he had invoked his right to counsel and because his confession was coerced; (2) that his Sixth Amendment jury trial right was violated when a jury convicted him of second degree felony murder without an express finding of malicious intent; and (3) that the California Supreme Court's decision upholding his conviction constituted an unforeseeable and retroactive judicial expansion of the second degree felony murder rule in violation of his due process rights. *See Robertson v. Runnals*, C 05-3103 PJH. On January 3, 2008, the court denied Robertson's petition. On February 2, 2009, the Ninth Circuit issued a memorandum disposition affirming the order denying habeas relief. Mandate issued on April 1, 2009.

On March 30, 2009, the California Supreme Court issued a decision in *People v. Chun*, expressly overruling its holding in *Robertson* that the merger doctrine did not bar a second degree felony-murder instruction where the underlying felony was a violation of

section 246.3 and the purpose for discharging the firearm was independent of, or collateral to, an intent to cause injury that would result in death. 45 Cal. 4th 1172, 1201 (2009). The court in *Chun* held that when the underlying felony is assaultive in nature, such as a violation of section 246.3, the felony merges with the homicide and cannot be the basis of a felony-murder instruction. *Id.* at 1200. However, the state supreme court held that, based on the evidence presented at Chun's trial, the error in instructing the juror on felony murder was, by itself, harmless because any juror who relied on the felony-murder rule necessarily found that Chun willfully shot at an occupied vehicle, and therefore "no juror could find felony murder without also finding conscious-disregard-for-life malice." *Id.* at 1205. The supreme court in *Chun* overruled the lower appellate court's holding that the error in instructing on felony murder, standing alone, was prejudicial, and remanded for consideration whether the instructional error in combination with a separate evidentiary error, in allowing the jury to hear evidence that Chun admitted that he fired a gun, were prejudicial.[1] *Id.* at 1205.

The court in *Chun* did not vacate Robertson's conviction or remand his case. Following issuance of the decision in *Chun*, Robertson filed a habeas petition in the California Supreme Court on May 8, 2009. On October 14, 2009, the state habeas petition was denied.

On December 23, 2009, Robertson filed an application in the Ninth Circuit for leave to file a second or successive petition. On June 15, 2010, the court of appeals granted his application for authorization to file a second or successive petition. *Robertson v. Walker*, No. 09-74044 (9th Cir.).

---

[1] On remand, the court of appeal found that the cumulative effect of the errors in the admission of defendant's statement he fired a gun, and the instructions on a legally erroneous theory of second degree murder, was harmless beyond a reasonable doubt. *People v. Chun*, No. C049069, 2009 WL 4376808, *7 (Cal. Ct. App. Dec. 2, 2009) (unpublished), *review denied* (March 10, 2010). Chun subsequently filed a federal habeas petition, which was denied by the district court for the Eastern District of California. *Chun v. Lopez,* No. C 11-1480 MCE EFB, 2013 WL 1325285 (E.D. Cal. Mar. 29, 2013). Chun's appeal from the denial of habeas relief is currently pending before the Ninth Circuit. *Chun v. Lopez*, No. 13-16466 (9th Cir., certificate of appealability granted July 10, 2014).

3

Robertson filed his second habeas petition in this court on June 16, 2010. By order entered April 13, 2012, the court dismissed the petition as a second and successive petition. Doc. no. 32. The court granted Robertson's request for a certificate of appealability, doc. no. 35, and Robertson appealed from the dismissal of his second habeas petition.

By memorandum disposition entered October 25, 2013, the Ninth Circuit vacated the order of dismissal and remanded the matter for consideration whether Robertson's cae presents extraordinary circumstances that would warrant relief under Rule 60(b). *Robertson v. Walker*, No. 12-16067 (9th Cir.). The court of appeals held that the court erred in finding that Robertson's petition was second or successive, ordered the court to construe the second-in-time petition as a Rule 60(b)(6) motion for reconsideration of the denial of Robertson's original federal habeas petition, and held that the Rule 60(b)(6) motion was timely.

On remand, the court issued a briefing schedule on Robertson's motion for reconsideration pursuant to Rule 60(b)(6). Doc. no. 44. The matter is fully briefed and submitted.

**LEGAL STANDARD**

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [certain enumerated reasons, or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A proper Rule 60(b)(6) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The Ninth Circuit has recognized that "Rule 60(b)(6) is a grand reservoir of equitable power[,] and it affords courts the discretion and power 'to vacate judgments whenever such action is appropriate to accomplish justice.'" *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 542 (Stevens, J., dissenting)) (internal citations omitted). However, courts are "cautioned against the use of provisions of Rule 60(b) to circumvent the strong public interest in the

4

timeliness and finality of judgments." *Id.* (internal citation and quotation marks omitted). "Given these important and potentially countervailing considerations, the exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its judgment requires a showing of extraordinary circumstances." *Id.* (citing *Gonzalez*, 545 U.S. at 536) (internal quotation marks omitted).

When applying Rule 60(b)(6) to petitions for habeas corpus, courts consider the following factors in deciding whether a prior judgment should be set aside or altered: (1) whether a change in the law "upset or overturned a settled legal principle;" (2) whether the petitioner was diligent in seeking relief; (3) the extent of the parties' reliance interest in the finality of the case; (4) the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) the closeness of the relationship between the underlying decision and the now controlling precedent; and (6) considerations of comity. *Phelps*, 569 F.3d at 1135-40. *See also Jones v. Ryan*, 733 F.3d 825, 830 (9th Cir.), *cert. denied*, 134 S. Ct. 503 (2013).

## DISCUSSION

Applying the Rule 60(b)(6) factors here, the court finds that reconsideration of the denial of Robertson's original habeas petition is warranted.

### A. Change in the Law

The parties have thoroughly briefed the change in the second degree felony murder rule under California law effected by *Chun*. Respondent does not dispute that the state supreme court "did change the law concerning second degree felony murder," but contends that changes in the law are not uncommon and thus not extraordinary. Opp. at 2. Here, the state supreme court in *Chun* expressly overruled its earlier ruling in *Roberston* by holding that application of the felony murder rule was barred by the merger doctrine where the underlying felony is assaultive in nature, such as grossly negligent discharge of a firearm in violation of section 246.3.

> To avoid the anomaly of putting a person who merely intends to frighten the victim in a worse legal position than the person who actually intended to shoot at the victim, and the difficult question of

> whether and how the jury should decide questions of merger, we need to reconsider our holdings in *Robertson, supra,* 34 Cal. 4th 156[,] and [*People v. Randle,* 35 Cal. 4th 987 (2005)]. When the underlying felony is assaultive in nature, such as a violation of section 246 or 246.3, we now conclude that the felony merges with the homicide and cannot be the basis of a felony-murder instruction. An "assaultive" felony is one that involves a threat of immediate violent injury. (See *People v. Chance* (2008) 44 Cal. 4th 1164, 1167–1168[.]) In determining whether a crime merges, the court looks to its elements and not the facts of the case. Accordingly, if the elements of the crime have an assaultive aspect, the crime merges with the underlying homicide even if the elements also include conduct that is not assaultive. For example, in *People v. Smith,* [35 Cal. 3d 798, 806 (1984)], the court noted that child abuse under section 273a "includes both active and passive conduct, i.e., child abuse by direct assault and child endangering by extreme neglect." Looking to the facts before it, the court decided the offense was "of the assaultive variety," and therefore merged. (*Smith, supra,* 35 Cal.3d at pp. 806–807[.]) It reserved the question whether the nonassaultive variety would merge. (*Id.* at p. 808, fn. 7[.]) Under the approach we now adopt, both varieties would merge. This approach both avoids the necessity of consulting facts that might be disputed and extends the protection of the merger doctrine to the potentially less culpable defendant whose conduct is not assaultive.

*Chun*, 45 Cal. 4th at 1200.

The Ninth Circuit recognized in *Phelps* that a Rule 60(b)(6) motion based on an intervening change in the law requires a "case by case inquiry." 569 F.3d at 1133-34. Respondent contends that the fact that the change in the law was a matter of state law, rather than federal law, militates against reconsideration in the context of habeas review by a federal court. Opp. at 3. Although this distinction may be considered as a matter of comity, respondent cites no authority distinguishing state law from federal law in weighing a change in the law on a motion for reconsideration under Rule 60(b)(6). Further, Robertson points out that the change in the law that is at issue here involves a substantive issue about the applicability of the felony murder rule and the malice requirement for second degree murder in his case, not merely a change in federal law governing habeas procedures. Reply at 2. As the Supreme Court recognized in *Gonzalez v. Crosby*, "[a] change in the interpretation of a substantive statute may have consequences for cases that have already reached final judgment, particularly in the criminal context." 545 U.S. at 537 n.9. The court in *Gonzalez* held, however, that a change in the law did not warrant reconsideration where

the original decision "was by all appearances correct" under then-prevailing legal precedent. *Id.* at 536-37. *See Phelps*, 569 F.3d at 1135 ("the intervening change in the law in *Gonzalez* overruled an otherwise settled legal precedent").

In weighing the nature of the change in the law, the court notes that several questions are raised by the state supreme court's issuance of *Chun* and overruling of *Robertson*. First, the parties have not directly addressed whether the current version of the felony murder rule under state law, as set forth in *Chun*, should be applied retroactively on habeas review of Robertson's conviction. Under established authority, "[a] change of law does not invalidate a conviction obtained under an earlier law." *Kleve v. Hill*, 243 F.3d 1149, 1151 (9th Cir. 2001) (citing *Pulley v. Harris*, 465 U.S. 37, 42 (1984); *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973); *La Rue v. McCarthy*, 833 F.2d 140, 142-43 (9th Cir. 1987)). While Robertson characterizes the *Chun* decision as "a remarkable change in the California Court's jurisprudence regarding the felony murder rule," Reply at 4, Robertson also suggests in his reply brief that *Chun* merely "clarified" the merger doctrine under California law, to bar application of the felony murder rule in Robertson's case, so that "the question whether Robertson was convicted without proof of that required element of malice is plainly an issue of federal due process." Reply at 3 and n.1.

In support of his argument that the substantive change in state law governing the felony murder warrants reconsideration, Robertson cites *Fiore v. White,* 531 U.S. 225 (2001) ("*Fiore II* "). In *Fiore II*, the Supreme Court reversed a defendant's conviction where, after the conviction became final, the state supreme court clarified that the conduct in which the defendant engaged did not constitute a violation of the statute under which he was convicted. *Id.* at 228–29. There, the defendant was convicted under a Pennsylvania statute that prohibited operating a waste facility without a permit. Although Fiore had a permit to operate a waste facility, he was convicted based on evidence that he deviated from the permit's terms. *Id.* at 226–27. After Fiore's conviction became final, the Pennsylvania Supreme Court agreed to review the conviction of Fiore's co-defendant, David Scarpone, who was convicted of the same crime at the same time. That court

7

interpreted the statute for the first time and reversed Scarpone's conviction on the ground that the statute did not apply to defendants who possessed a permit but deviated from its terms. *Fiore II,* 531 U.S. at 226-27 (citing *Commonwealth v. Scarpone,* 535 Pa. 273, 279 (1993)). Fiore subsequently tried, unsuccessfully, to have his own conviction set aside in state court, then sought federal habeas relief.

Due to uncertainty whether the Pennsylvania Supreme Court's decision in Scarpone's case represented a change in the law of Pennsylvania, the Supreme Court certified the question to the Pennsylvania high court whether its decision in *Scarpone* states the correct interpretation of the law of Pennsylvania at the date Fiore's conviction became final. *Fiore v. White,* 528 U.S. 23, 29 (1999) ("*Fiore I*"), *certified question answered*, 562 Pa. 634 (2000). The Pennsylvania Supreme Court replied that its interpretation of the statute in *Scarpone* "merely clarified the plain language of the statute" and stated the law as it had existed at the time Fiore's conviction became final. *Fiore II,* 531 U.S. at 228. The Supreme Court held that "[b]ecause *Scarpone* was not new law, this case presents no issue of retroactivity." *Id.* The Supreme Court concluded that Fiore was convicted for conduct that the "criminal statute, as properly interpreted, does not prohibit," and that his conviction violated the federal Due Process Clause. *Id.* at 228-29.

Robertson contends that the California Supreme Court's decision in *Chun*, as in *Fiore*, merely clarified state law that existed at the time of his trial, and that the state convicted him of second degree murder without proving the required element of malice in violation of his right to due process. Reply at 3. Respondent has not had an opportunity to respond to this argument. At this juncture, Robertson has not demonstrated that the reasoning of *Fiore* would apply to his case such that the *Chun* decision would be construed as a clarification of state law, rather than a change in substantive law which he seeks to apply retroactively on habeas review. This issue merits further consideration, particularly in light of the Ninth Circuit's recent holding in *Moore v. Helling*, --- F.3d ----, 2014 WL 3973407 (9th Cir. Aug. 15, 2014), *pet. for reh'g and reh'g en banc filed* Aug. 29, 2014. In *Moore*, the Ninth Circuit held that habeas relief was not warranted where the first degree murder

8

instruction given at Moore's trial was invalidated as a matter of state law by the Nevada Supreme Court in a decision issued after Moore was convicted, but before his conviction became final. 2014 WL 3973407 at *2 (citing *Byford v. State*, 994 P.2d 700, 713-15 (Nev. 2000)).

Another issue raised by the change in law announced by the California Supreme Court in *Chun* and its overruling of *Robertson* is whether, on habeas review, this court would look to the lower decision of the court of appeal as the last reasoned decision of the state court. Neither party has addressed the question whether the court of appeal's decision affirming Robertson's judgment of conviction stands as the last reasoned state court decision after the state supreme court's superseding decision was overruled by *Chun*. The court of appeal determined on Robertson's direct appeal that the offense of grossly negligent discharge of a firearm merges with the resulting homicide, thereby precluding a second degree felony murder instruction, as the California Supreme Court would later hold in *Chun*, but held that the instructional error was harmless. Having determined that any error in instructing the jury on felony murder was harmless, the court of appeal therefore affirmed the judgment of conviction. *Robertson*, 1 Cal. Rptr. at 373 (Cal. App.). On direct review of Robertson's conviction, the opinion of the state supreme court superseded the court of appeal's opinion and affirmed Robertson's conviction on another ground, namely, that there was no instructional error because the merger doctrine did not bar the felony murder rule. *Robertson*, 34 Cal. 4th at 173. The California Supreme Court did not, therefore, reach the harmless error analysis in Robertson's direct appeal.

Although the change in law under *Chun* overruled legal precedent that had been established by the California Supreme Court in Robertson's direct appeal, the change in law affecting the application of the felony murder rule implicates Robertson's claim that he was denied the right to jury trial on the intent requirement for second degree murder, and raises several issues about the applicable law on federal habeas review. Under the unique facts of this case, this factor weighs in favor of reconsideration of the denial of Robertson's habeas petition.

9

### B. Diligence

It is undisputed that Robertson has been diligent in pursuing his claim, Opp. at 3, weighing in favor of reconsideration.

### C. Reliance Interest in Finality

The third factor for consideration is whether granting the Rule 60(b)(6) motion for reconsideration would upset the parties reliance interest in the finality of the case. Robertson contends that the state's interest in the finality of judgment in Robertson's case is minimal because the California Supreme Court determined in *Chun* that its earlier decision in Robertson's direct appeal was wrong. However, the state court's judgment of conviction in Robertson's case became final at the conclusion of direct review in 2004, when the state supreme court issued a published decision affirming the judgment, nearly five years before *Chun* was decided. Furthermore, respondent cites Supreme Court authority recognizing that "States have an 'interest in the finality of convictions that have survived direct review within the state court system.'" *Ryan v. Schad*, 133 S. Ct. 2548, 2551 (per curiam) (quoting *Bell v. Thompson*, 545 U.S. 794, 813 (2005)), *reh'g denied*, 134 S. Ct. 42 (2013). This factor weighs against reconsideration.

### D. Delay

The Ninth Circuit has determined that the second-in-time petition, construed as a Rule 60(b) motion, is timely, thus weighing in favor of reconsideration. Oct. 25, 2013 Mem. at 4.

### E. Relationship Between Decision Resulting in Original Judgment and Subsequent Decision Representing Change in the Law

Addressing the closeness of the relationship between the decision resulting in the original judgment and the subsequent decision in *Chun* that represents the change in state law, Robertson argues that because the state supreme court in *Chun* expressly overruled its holding in *Robertson*, the decisions are undeniably close. Respondent concedes that the *Chun* and *Robertson* decisions are close as a matter of state law, but contends that there has been no relevant change in federal law that would establish a close connection

10

between the federal court's original habeas ruling and the change in state law, to warrant reopening habeas review. Opp. at 5. Robertson responds that in the memorandum decision affirming denial of habeas relief on his claim that the jury did not decide whether he acted with malice, the Ninth Circuit looked to the California Supreme Court's holding in *Robertson* to determine that malice was not an element of second degree felony murder as a matter of state law, the holding that was expressly overruled by the state supreme court in *Chun*. Reply at 5 (citing *Robertson v. Runnals*, 310 Fed. Appx. 957, 958 (9th Cir. Feb. 2, 2009)).

      As noted above, the court of appeal determined on direct review of Robertson's conviction that the offense of grossly negligent discharge of a firearm cannot serve as a predicate offense for felony murder, but that any instructional error was harmless. *Robertson*, 1 Cal. Rptr. at 371-73 (Cal. App.). In the superseding opinion, the California Supreme Court held there was no error in instructing the jury on second degree felony murder in Robertson's case, but agreed with the court of appeal that the conviction should be affirmed. *Robertson*, 34 Cal. 4th at 173. The state supreme court in *Chun* subsequently overruled *Robertson* and held that the trial court erred in instructing the jury on second degree felony murder, but concluded that the instructional error, standing alone, was harmless. The court in *Chun* remanded, however, to consider in that case whether the instructional error, combined with an evidentiary error, were prejudicial. Though *Chun* expressly overruled the state supreme court's earlier ruling in *Robertson* with respect to applying the felony murder rule to the underlying offense of grossly negligent discharge of a firearm, the California Supreme Court in *Chun* did not reach the question whether any instructional error in Robertson's case was harmless.

      Robertson has demonstrated that the original decision on his federal habeas petition and the state court's subsequent decision in *Chun* are related. However, the state court's ruling in *Chun* does not establish a matter of federal law, and is not as closely related to the original judgment denying habeas relief as the intervening change in the law at issue in *Phelps*, where a panel of the Ninth Circuit issued a published, and therefore controlling,

11

opinion that resolved a dispute in unpublished memorandum dispositions on an unsettled question about how to construe summary denials by the California Supreme Court for purposes of the AEDPA statute of limitations. 569 F.3d at 1126-27. Nevertheless, the closeness of the issues decided by the state court in *Chun* and the court's habeas review of Robertson's state court conviction weigh in favor of reconsideration.

**F.    Comity**

In *Phelps*, the Ninth Circuit recognized that a federal habeas writ implicates considerations of comity:

> To be sure, the need for comity between the independently sovereign state and federal judiciaries is an important consideration, as is the duty of federal courts to ensure that federal rights are fully protected. However, in the context of Rule 60(b)(6), we need not be concerned about upsetting the comity principle when a petitioner seeks reconsideration not of a judgment on the merits of his habeas petition, but rather of an erroneous judgment that prevented the court from ever reaching the merits of that petition. The delicate principles of comity governing the interaction between coordinate sovereign judicial systems do not require federal courts to abdicate their role as vigilant protectors of federal rights. To the contrary, as the Supreme Court has made clear, "in enacting [the habeas statute], Congress sought to 'interpose the federal courts between the States and the people, as guardians of the people's federal rights - to protect the people from unconstitutional action.'" *Reed v. Ross*, 468 U.S. 1, 10 (1984) (quoting *Mitchum v. Foster*, 407 U.S. 225, 242 (1972)). Even after the enactment of AEDPA, "[t]he writ of habeas corpus plays a vital role in protecting constitutional rights." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). For that reason, the Supreme Court has emphasized that "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996) (emphasis added). Accordingly, in applying Rule 60(b) to habeas corpus petitions, the Fifth Circuit has persuasively held that
>
>> [t]he "main application" of Rule 60(b) "is to those cases in which the true merits of a case might never be considered." Thus, although we rarely reverse a district court's exercise of discretion to deny a Rule 60(b) motion, we have reversed "where denial of relief precludes examination of the full merits of the cause," explaining that in such instances "even a slight abuse may justify reversal."
>
> *Ruiz v. Quarterman*, 504 F.3d 523, 532 (5th Cir. 2007) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977); *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981)). We too believe that a central purpose of Rule 60(b) is to correct erroneous legal

> judgments that, if left uncorrected, would prevent the true merits of a petitioner's constitutional claims from ever being heard. In such instances, including the case presently before us, this factor will cut in favor of granting Rule 60(b)(6) relief.

*Phelps*, 569 F.3d at 1139-40.

In *Phelps*, the Ninth Circuit held that an intervening change in Ninth Circuit law, governing the timeliness of habeas petitions filed by California prisoners, warranted reconsideration under Rule 60(b)(6) of the district court's prior order dismissing the habeas petition as untimely. The court in *Phelps* stated that "a central purpose of Rule 60(b) is to correct erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petitioner's constitutional claims from ever being heard." *Id*. at 1140. Here, unlike *Phelps* where the federal habeas petition was previously dismissed on procedural grounds, the court reached the merits of Robertson's claims for federal habeas relief, construing his claims in light of state law that had been established at the time. *Cf. Phelps,* 569 F.3d at 1140 ("Phelps does not challenge a judgment on the merits of his habeas petition but rather a judgment that has prevented review of those merits").

Robertson contends that his conviction was based on a mistake of state law established by the highest state court, and that considerations of comity should not prevent the federal courts from vacating an erroneous decision denying habeas relief based on an erroneous principle of state law that the state supreme court has seen fit to reverse. However, as the record indicates, the state courts did not see fit to reverse Robertson's conviction, even in light of the California Supreme Court's decision in *Chun* overruling the holding of *Robertson,* affirming Robertson's conviction on direct appeal. Robertson suggests that he has never received review on the true merits of his claim that he was tried without proof of the required element of malice, yet he has not established that the state court's holding in *Chun* should apply retroactively to his conviction. On this record, granting the motion for reconsideration would "upset principles of comity," weighing against granting relief under Rule 60(b)(6). *Jones*, 733 F.3d at 840 (holding that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), issued two years after district court

13

denied habeas petition but before Ninth Circuit affirmed denial, did not constitute "extraordinary circumstance" warranting Rule 60(b)(6) relief, noting that initial habeas petition was already fully adjudicated on the merits and denied).

Having weighed the factors for consideration under Rule 60(b)(6), the court finds that Robertson presents a close question as to whether "extraordinary circumstances" warrant reconsideration of his habeas petition.  The state supreme court's decision in *Chun,* which expressly overruled its prior holding on Robertson's direct appeal and changed the scope of the second degree felony murder rule under state law, presents an unusual circumstance that outweighs the other factors and supports reconsideration of Robertson's claim that his Sixth Amendment right to jury trial was violated when a jury convicted him of second degree felony murder without an express finding of malice.  In particular, Robertson's claim, in light of *Chun,* raises the question whether any error in instructing the jury on felony murder, based on the underlying felony of grossly negligent discharge of a firearm, was harmless.

On reconsideration, the court orders supplemental briefing on the following limited issues:

1. If Robertson seeks retroactive application of *Chun* to his claim that malice was a required element of second degree felony murder under state law, what are the grounds for retroactivity on federal habeas review?

2. What is the last reasoned state court opinion to which the court must look on reconsideration of Robertson's claim that he was denied the right to jury trial on the issue of malice?

3. If there was instructional error on the count of second degree felony murder, was the error harmless under *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)?

Within thirty (30) days of the date of this order, Robertson shall file a supplemental brief addressing these issues in support of his claim that his Sixth Amendment right to jury trial was violated when a jury convicted him of second degree felony murder without an express

14

finding of malice. Respondent shall file an opposition brief thirty (30) days after Robertson files his supplemental brief. Robertson may file a reply brief within fifteen (15) days of the filing of the opposition brief.

## CONCLUSION

For the reasons set forth above, Robertson's motion for reconsideration pursuant to Rule 60(b)(6) is GRANTED with respect to the limited issues identified by the court.

**IT IS SO ORDERED.**

Dated: September 12, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge